IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03009-GPG

DANNYE DEWAYNE HARRIS,

    Plaintiff,

v.

HUNT, Arapahoe County Deputy,
RICH HESS, Detention Maintenance Foreman,
RON WATTS, Medical Provider,
VIVIAN BARKER, Aramark Manager,
VAL, Aramark Supervisor, and
ELAINE MEYER, Health Services Administrator,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff, Dannye Dewayne Harris, is detained at the Arapahoe County Detention Facility in Centennial, Colorado.  He has filed, *pro se*, a Prisoner Complaint asserting a deprivation of his rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  Mr. Harris has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Harris is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the Complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Harris will be ordered to file an amended complaint.

Plaintiff alleges in the Complaint that since October 2012, he has been under the

following medical restrictions: bottom bunk only, no kitchen duty, and no slippery surfaces. However, in June 2014, he was assigned to work in the kitchen. The assignment caused his right knee to swell "to the size of a softball" because it required him to stand on a concrete floor. (ECF No. 5, at 4). Mr. Harris was then re-assigned to work in the laundry room. The laundry room work detail did not aggravate his knee injury or sciatica, and soon he felt well enough to exercise. Plaintiff alleges that Defendant Hunt began to "harass" him about his ability to exercise and told Plaintiff that "if you can work out, then you can work in the kitchen." (*Id.* at 5). Hunt then changed Plaintiff's job assignment back to the kitchen, in violation of his medical restrictions. Mr. Harris alleges that Defendant Dr. Watts removed his medical restrictions in September 2014, under pressure from Defendants Hunt and Meyer who thought that if Plaintiff was able to exercise, than he was able to work in the kitchen. After a few days of kitchen work, Mr. Hunt's knee began to swell again. Plaintiff states that Defendants Baker and Val, the kitchen supervisors, saw that his knee was swollen, but refused to contact the medical department, or recommend that Plaintiff be removed from the kitchen assignment. Mr. Hunt suffered a slip and fall in the kitchen on October 3, 2014, which caused his knee to swell to the "size of a football," but Defendant Val forced him to work three more hours that day and Defendant Hess refused to remove him from the work assignment or contact the medical department to provide him with medical care. Plaintiff states that since the his slip and fall, Defendant Dr. Watts has not provided him with adequate medical care for his constant pain, or requested an MRI. Mr. Harris seeks monetary and injunctive relief.

    Mr. Harris claims that the Defendants acted negligently. However, negligent

conduct does not violate the Constitution. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Only a deprivation of constitutional rights is actionable under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Furthermore, Mr. Hunt must allege facts to show that each named Defendant was personally involved in a deprivation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts).

Finally, the minuscule handwriting on pp. 4-6 of the Complaint is difficult to read. Plaintiff is reminded that the Local Rules require that all pleadings shall be double spaced and must be legible. *See* D.C.COLO.LCivR10.1(e) and (g). Accordingly, it is

ORDERED that Plaintiff, Dannye Dewayne Harris, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED December 17, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          S/ Gordon P. Gallagher

                                          United States Magistrate Judge