IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03009-GPG

DANNYE DEWAYNE HARRIS,

    Plaintiff,

v.

HUNT, Arapahoe County Deputy,
RICH HESS, Detention Maintenance Foreman,
RON WATTS, Medical Provider,
VIVIAN BARKER, Aramark Manager,
VAL, Aramark Supervisor, and
ELAINE MEYER, Health Services Administrator,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Dannye Dewayne Harris, was detained at the Arapahoe County Detention Facility in Centennial, Colorado, at the time he initiated this action. Mr. Harris filed, *pro se*, a Prisoner Complaint asserting a deprivation of his rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 17, 2014, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Mr. Harris failed to allege the personal participation of each named Defendant in a deprivation of his constitutional rights. (ECF No. 10). Magistrate Judge Gallagher further reminded Plaintiff that negligent conduct does not violate the Constitution. (*Id.*). Plaintiff was ordered to file an amended complaint, on the court-approved Prisoner Complaint form, within thirty (30)

days of the December 17 Order. (*Id.*).  Magistrate Judge Gallagher warned Mr. Harris that if he failed to file an amended complaint within the time allowed, the Court may dismiss the action without further notice. (*Id.*).

Plaintiff thereafter requested an extension of time to comply with the December 17 Order, which Magistrate Judge Gallagher granted in a January 6, 2015 Minute Order. (ECF Nos. 11, 12).  Mr. Harris was directed to file his amended complaint within thirty (30) days, in compliance with the December 17 Order. (*Id.*).  Magistrate Judge Gallagher warned Plaintiff that failure to comply with the January 6 Minute Order and with the December 17 Order may result in dismissal of this action without further notice.

On January 29, 2015, the copy of the January 6, 2015 Minute Order sent to Mr. Harris was returned to the Court as undeliverable. (ECF No. 13).  The stamp on the envelope states "Unable to Forward." (*Id.*).  It appears that Mr. Harris was released from the Arapahoe County Detention Facility and the Court's independent research has failed to locate him within the Colorado Department of Corrections.  *See* www.doc.state.co.us/oss.

The local rules of this Court require a litigant to file a notice of new address within five days of any address change. *See* D.C.COLO.LAttyR 5(c) (formerly D.C.COLO.LCivR 11.1(d), prior to the December 1, 2014 amendments).  Although *pro se* pleadings are construed liberally, *pro se* litigants are bound by the same rules of procedure that governs other litigants.  *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005).   Mr. Harris has not filed a notice of address change with the Court.  Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE, pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure, for the failure of Plaintiff, Dannye Dewayne Harris, to prosecute this action and to comply with the local rules of this Court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harris files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 13, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court